Delivered February 3, 1891.

--------

## B. MILMO v. FRANCIS ADAMS.

### No. 3019.

1. **Variance—Allegations and Testimony.**—Suit to recover lands conveyed by plaintiff in trust to the defendant. The deed in trust was described in the petition as "a deed of conveyance for all of Adams's (grantor's) interest generally." It was not a variance when plaintiff offered in evidence a deed conveying Adams's interest in the property as a member of a firm, it not appearing that plaintiff owned any interest in the land save that conveyed to him in a previous deed by the defendant.

2. **Defect in Statement of Issues by Judge in Charge.**—If the judge in his

charge undertakes to state to the jury the issues made by the pleadings, and the charge as given is objectionable, either from omitting a part of such issues or from stating them incorrectly, the proper remedy to apply is to call the attention of the court to the error by requesting a proper charge at the time. If that is not done, as a general rule such omission will not be regarded ground for reversal.

3.  **Trust.**—Where no one, either creditor or partner, is injured by the conveyance of property to a lawful trust, and such conveyance is made and the trustee shows no reason from existing equities for retaining the property so conveyed, in a suit by the maker he should recover.

4.  **Same — Case in Judgment.** — Plaintiff sued defendant to recover lands conveyed him in trust. · There was controversy whether the deed in trust conveyed or included the land. The plaintiff had bought it, and had a deed conveying it from the defendant encumbered only by notes secured by the vendor's lien. It being shown that the lien notes were satisfied, plaintiff was entitled to recover whether the land was included in the trust deed or not.

APPEAL from Jefferson. Tried below before Hon. A. G. Bullitt, Special District Judge.

The opinion gives a statement.

*O'Brien & O'Brien*, for appellant.—The deeds of March 2, 1883, were not admissible in evidence, especially the one from Francis Adams to Bernard Milmo, because of variance between same and the allegations of plaintiff's petition. Mims v. Mitchell, 1 Texas, 446; Hall & Jones v. Jackson, 3 Texas, 309; Roseborough v. Gorman, 6 Texas, 314; Gammage v. Alexander, 14 Texas, 418; Shipman v. Fulcrod, 42 Texas, 249; Supreme Council v. Anderson, 61 Texas, 296; Stewart v. Gordon, 65 Texas, 344; Porcheler v. Bronson, 50 Texas, 561; Stephenson v. Bassett, 51 Texas, 544; Guess v. Lubbock, 5 Texas, 539; Loving v. Dixon, 56 Texas, 79; Smith v. Deschaumes, 37 Texas, 430; Carter v. Roland, 53 Texas, 549; Rogers v. Nichols, 20 Texas, 719; Carroll v. Evans, 27 Texas, 262; 1 Lind. on Part., 63, 695, 821, 567, 622, 700; Freeman v. Bloomfield, 43 Mo., 391; Poll. on Part., 82, 83; Murray v. Bogart, 14 Johns, 318; 7 Am. Dec., 466; McCall v. Moss, 112 Ill., 493; Pars. on Part., 2 ed., 406, 351, 352, 508, 509.

Counsel also cited Cannon v. Cannon, 66 Texas, 682; Love v. Wyatt, 19 Texas, 312; Dodd & Co. v. Arnold, 28 Texas, 97; Baker v. Compton, 52 Texas, 252; Webster v. Mann, 52 Texas, 425; Baker v. Ramey, 27 Texas, 53; Peters v. Clements, 46 Texas, 114; Nass v. Chadwick, 70 Texas, 158; Hamblen v. Foltz & Walsh, 70 Texas, 132; Rogers v. Broadnax, 24 Texas, 538; Boaz & Co. v. Schneider & Davis, 69 Texas, 128, 131; Golden v. Patterson, 56 Texas, 629; Sayles' Civ. Stats., arts. 1317, 1318; Wells v. Barnett, 7 Texas, 588; Gay v. McGuffin, 9 Texas, 502; Railway v. Greenlee, 62 Texas, 347–349; Railway v. Seymour, 63 Texas, 345; Railway v. Terry, 42 Texas, 451; Markham v. Carothers, 47 Texas, 22; Railway v. Rider, 62 Texas, 267; Railway v. Gilmore, 62 Texas, 392; Railway v. Underwood, 64 Texas, 468.

*Greer & Greer* and *Douglass & Lanier,* for appellee.—1. Both plaintiff and defendant knowing at the time what interest Adams (plaintiff) had or owned in the real estate, and this being a transaction between the parties themselves, there being no question of innocent purchaser or stranger to the transaction, it was immaterial how the deed described the property or what its recitals were. It being a warranty deed, Adams could not afterwards set up other title in himself, and there was no variance in that plaintiff's petition described it as a conveyance to Milmo of all his interest. Dooley v. Montgomery, 72 Texas, 429; Brown v. Chambers, 63 Texas, 135; Hearne v. Gillett, 62 Texas, 24; Kingston v. Pickins, 46 Texas, 101; Robinson v. Douthit, 64 Texas, 101; Ruffier v. Womack, 30 Texas, 333; Gibbs v. Penny, 43 Texas, 563; Pugh v. Mays, 60 Texas, 191; Mays v. Lewis, 4 Texas, 38.

2. The allegation in plaintiff's petition and the proof showed the real estate as well as the other property was conveyed to Milmo in trust by Adams, the object of the conveyance being primarily to compromise the partnership matters then in litigation between Adams and Milmo, and secondarily, on Milmo's part, to secure Adams in a settlement of his affairs with Solinsky; and Milmo can not take advantage of the recitals in the deed so as to fraudulently avoid the trust, Solinsky not being a party to the suit and never having set up any claim to the real estate. Lott v. Kaiser, 61 Texas, 665; Neyland v. Bendy, 69 Texas, 712.

3. Milmo having failed for a number of years to reconvey the property to Adams, the latter had the right to treat him as holding the property adversely and to bring this suit; and the defendant's answer being before the court and jury, the court did not err in charging the jury in the manner set out in appellant's proposition. The defendant offering no evidence to support his special pleas of "mistake," etc., and said pleas being insufficient in themselves, the court did not err in refusing to submit the question to the jury. Gano v. Palo Pinto County, 71 Texas, 103; Custard v. Custard, 25 Texas Supp., 49; Moore v. Giesecke, 76 Texas, 547; Lott v. Kaizer, 61 Texas, 669; Robertson v. Smith, 11 Texas, 217; 2 Pome. Eq., 839.

HENRY, ASSOCIATE JUSTICE.—The appellee instituted this suit to recover an undivided interest in certain real estate.

It appears that plaintiff and defendant had been partners, but had dissolved, after which plaintiff and one Solinsky became partners in a saw mill business, under the firm name of Adams & Solinsky. About the time of the commencement of the last named partnership the defendant conveyed to the plaintiff the undivided half interest in the land now in controversy, plaintiff executing his notes for part of the consideration, and the deed to him expressly reserving a vendor's lien for its payment. About the same time another party conveyed to Solinsky the other one-half interest in said land.

Subsequently litigation arose between plaintiff and defendant about the settlement of their partnership business. While it was pending some misunderstanding arose between plaintiff and his partner Solinsky, and plaintiff then made to the defendant a conveyance in the following words and figures:

"*The State of Texas, Jefferson County.*—Know all men by these presents, that we, Adams & Solinsky, residents of Jefferson County, Texas, by Francis Adams, a partner therein, for and in consideration of the sum of $3400 to us in hand paid by Bernard Milmo, a resident of same place, have this day and do by these presents grant, bargain, sell, alien, and convey to said Bernard Milmo all my right, title, and interest as a member of said firm of Adams & Solinsky in and to a certain tract or parcel of land lying and situate in the county of Jefferson and State of Texas, and being a part of the town of Beaumont, and known on the plat of said town as lots Nos. 642, 643, 644, and 647, in block 22; also lots Nos. 678, 679, 680, 681, 682, block 28; also my right, title, and interest in and to the following personal property, to-wit, 500,000 feet of merchantable lumber, 2700 logs, branded ——, outstanding accounts, and two boilers, shafting, belting, saws, engine, and tools of every description pertaining belonging to said mill of Adams & Solinsky. To have and to hold said described property unto said Bernard Milmo. And I do hereby warrant and defend the title to said property unto said Milmo, his heirs or assigns forever in fee simple.

"Witness my hand, this March 2, 1883.

"FRANCIS ADAMS."

And in return the defendant executed to plaintiff the following instrument:

"*The State of Texas, Jefferson County.*—Know all men by these presents, that I, Bernard Milmo, a resident of said county and State, for the consideration of the sum of $2000 to me in hand paid, the receipt of which is hereby acknowledged, do by these presents agree and bind himself to take all the logs, accounts, lumber, mill, real estate, and other property this day conveyed to me by Francis Adams and dispose of same, and whatever is done with said property the same and the proceeds thereof is to be paid to the said Francis Adams, and upon payment to said Adams of the proceeds of sale of said property said Adams is to release me therefrom said consideration paid by said Francis Adams.

"In testimony whereof I hereunto sign my name this the 2nd day of March, 1883.

"BERNARD MILMO."

Plaintiff alleged in his petition that the sums of money mentioned in said instruments were not the true considerations upon which they were made, but that the real and only consideration therefor was the settlement of their partnership, as well as other money matters between them, and

that the purpose was to convey the whole of the property mentioned to the defendant to hold in trust for plaintiff, but that the defendant took possession of said real estate under said conveyance and holds the same adversely to plaintiff.

The defendant pleaded a general denial, and in substance that it was not intended to include in the above instruments the real estate therein described, but that such real estate was inserted therein by the mistake of the attorney who wrote them; that said one-half interest in real estate was never the property of the firm of Adams & Solinsky, but was held by Adams separately subject to the superior right of defendant thereto by reason of his vendor's lien retained in his deed to the plaintiff for the land, and that in consideration of the surrender by defendant to plaintiff of the said purchase money notes then past due and unpaid, and the value of the use and occupation of the land while plaintiff held it, the plaintiff was to release and convey to defendant the equity of redemption in said land, and he prayed that the mistake in the instruments be corrected.

Plaintiff had judgment for the recovery of the land.

Appellant complains of the introduction in evidence of the instruments copied above, because they are "variant and different from those alleged in plaintiff's petition in that they only convey Adams's interest in the property as a member of the firm of Adams & Solinsky, while plaintiff's petition alleged the deed from Adams to Milmo to be a deed of conveyance for all of Adams's interest generally."

The evidence does not show, nor is there asserted in any way, a claim that plaintiff owned any interest in the land except the undivided one-half interest that was conveyed to him individually. The instruments were part of one and the same transaction and were both executed at the same time. The instrument executed by the defendant was copied into the petition.

We do not think that error was committed in permitting the instruments to be read as evidence.

A number of assignments of error relating to the charge are mere criticisms of the statements made by the court of the issues presented by the pleadings.

If the judge in his charge undertakes to state to the jury the issues made by the pleadings, and the charge as given is objectionable, either from omitting a part of such issues or from stating them incorrectly, the proper remedy to apply is to call the attention of the court to the error by requesting a proper charge at the time, and if that is not done we do not think it proper, as a general rule, to reverse a judgment for such a cause.

If the rule was otherwise, we do not in this case find anything in the charges complained of in that nor in any other respect for which we think the judgment should be reversed.

Neither Solinski, the partner of Adams, nor their partnership credit-

ors, if they had any, are shown to have been injured or to have ever complained of the transactions. In the absence of some controversy with them there was nothing to prevent Adams from dealing with the defendant as he did with regard to his interest in the property, and the defendant did not show any right upon his part to hold the property in controversy growing out of equities, if any such existed, between plaintiff and his partner or in favor of the partnership creditors.

No evidence was introduced tending to show that by a mistake the instruments were different from what the parties to them intended they should be.

Adams testified that in his settlement with the defendant at the time said instruments were executed all of the indebtedness between plaintiff and defendant was settled, including said purchase money notes. His testimony was not contradicted or modified by any other witness.

Even if it be held that the deed of the 2d of March, 1883, from plaintiff to defendant, on account of its being a conveyance of the interest only of his firm in the land failed to convey his individual interest therein, it would result that the title, from being unconveyed, remained in him under the deed previously made by the defendant reserving the vendor's lien, and when the debt for the purchase money was discharged in the settlement, as he proved it was, his title to the land was thereby perfected as against the defendant.

We find no error in the proceedings for which we think the judgment should be reversed, and it is affirmed.

*Affirmed.*

Delivered February 6, 1891.

Motion for rehearing was argued by *O'Brien & O'Brien.*
The motion was refused.