Missouri, Kansas & Texas Railway Company of Texas v. A. D. Hay.

Decided April 8, 1905.

**1.—Personal Injuries—Pleading and Charge.**

Where the petition in an action for personal injuries alleged other injuries than those proven, and the charge instructed that if defendant was negligent, etc., and if plaintiff was thereby injured "in whole or in · art, as alleged in his petition," the jury should find for the plaintiff, this could not be construed as a charge upon facts not introduced in evidence, and as authorizing a recovery for injuries pleaded but not proved. The better practice, however, is for the charge to make a statement of the injuries which the jury are authorized to consider.

**2.—Same—Former Injuries—Charge.**

Where there was evidence that some years before the injury in question plaintiff had sustained injuries from which he had not entirely recovered at the time of trial, a failure of the charge to limit recovery for medical expenses, etc., to such as were incurred on account of the injuries complained of, was not error in the absence of request for a charge supplying the omission.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*T. S. Miller* and *Smith & Beaty,* for appellant.

*Randell & Wood,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit by the plaintiff against the defendant for damages on account of personal injuries received by the former while on one of the latter's passenger trains in the employ of the federal government as a mail clerk. The trial resulted in a judgment in his favor for $2,200, from which the defendant appeals.

1. It is contended that the court erred in the third paragraph of his charge by submitting to the jury, as an issue of fact, whether the plaintiff was injured in whole or in part, as alleged in his petition, it being insisted that the evidence fails to show that he was injured in whole, as alleged in the petition.

The evidence showed bruises to the back and sides, two broken ribs and a wrench of the spinal cord, resulting in serious nervous disorders. The petition alleged other injuries than those proved.

The paragraph of the charge complained of reads: "If you find and believe from the evidence that, on the 13th day of December, 1902, a train of passenger cars operated by the defendant company, its agents, servants or employes, was run into by a freight train going in an opposite direction, at or near the town of Burleson, and that at the time of such collision, if any such occurred, the plaintiff, A. D. Hay, while traveling upon said train of cars as postal or mail clerk in the employment of the United States government, and in charge of the mail matter on such train, was, by reason of such collision, thrown with great force and violence in and upon the floor and table of said car, and thereby injured in whole or in part as alleged in his petition; and if you further find and believe from the evidence that the defendant, in permitting said collision at said time and place (if you find it did permit such collision), was guilty of negligence, as that term has been heretofore defined and explained to you, and that such negligence, if any, was the proximate cause of plaintiff's said injuries, if any he received, you will find for plaintiff, and assess his damages as hereinafter instructed, unless you should find for defendant under instructions hereinafter given you."

The charge is not erroneous. There was no serious contest on the issue of negligence on the part of appellant. The main contest was the extent of appellee's injuries. The petition was before the jury, and a part of the record of the cause, and, it would seem, constituted a sufficient statement of the injuries to enable the jury to pass upon the same. (Railway Co. v. Tankersley, 63 Texas, 60.) The better practice is for the court, in the charge, to make a statement of the injuries which the jury are authorized to consider, rather than refer to the pleading for such statement.

The clause of the charge that, if defendant was negligent, and plaintiff was "thereby injured in whole or in part, as alleged in his petition," can not be construed as a charge upon facts not introduced in evidence.

2. The following clause of the court's charge is assigned as error: "If, under the foregoing instructions, you find for plaintiff, you will allow him such sum as you may believe from the evidence will, as a present cash payment, reasonably and fairly compensate him for the physical and mental pain, if any, he has suffered in the past, or which you may believe it is reasonably probable that he will suffer in the future as a result of such injuries, if any, and also for the reasonable

value of his services for the time he has lost, if any; for his diminished capacity to labor and earn money, if any, in the future; also for the reasonable value of his expenses necessarily incurred for doctors' bills, if any, by reason of his injuries, if any. But in this connection you are instructed that, if you should believe from the evidence that plaintiff's mental and physical pain, if any he suffers or has suffered, or the impaired condition of his health, if any, at this time or heretofore, are the results of injuries, if any, which you may believe from the evidence he received prior to the time alleged in his petition, you are instructed that plaintiff would not, in any event, be entitled to recover in this case for any such mental or physical pain or impaired health as you may believe to be the result of former injuries." About three years prior to the time of the collision which caused the injuries complained of herein plaintiff was in an accident, and sustained injuries from which he had not fully recovered at the time of the trial.

It is contended that this charge is erroneous in failing to limit plaintiff's recovery for services lost and expenses incurred for doctors' bills, to such services as were lost and doctors' bills incurred on account of the particular injuries mentioned in the petition. This contention is not sound. The question of former injuries was matter of defense, and, if appellant desired a more comprehensive charge, it should have requested the same. (Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 583; Texas & P. Ry. Co. v. O'Donnell, 58 Texas, 42; Milmo v. Adams, 79 Texas, 530.)

A special charge was requested by appellant reading: "Gentlemen of the Jury: If you believe any part of the plaintiff's present condition is due to or results from injuries previous to those mentioned in his petition you can not allow him anything for such part." This charge does not refer to doctors' bills or lost services on account of former injuries, and the matters embraced therein are fully covered by the main charge.

The contention that the verdict of the jury is excessive is not sustained. The evidence fully justified the jury in finding that the defendant was negligent, and, as a result, plaintiff sustained permanent injuries, and was damaged in the amount of the verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.