objections urged to the court for his refusal to·give them.

In the attitude of the record we believe the judgment does not require a reversal, and it will therefore be affirmed.

---

WESTERGREEN v. STATE. .(No. 4056.)

(Court of Criminal Appeals of Texas. May 3, 1916.)

CRIMINAL LAW ⊙⟹1097(6)—APPEAL—STATEMENT OF FACTS—NECESSITY.

Where the only ground for motion for new trial was that the evidence did not sustain the conviction, that matter cannot be reviewed on appeal, where there was no statement of facts presenting the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2947; Dec. Dig. ⊙⟹1097(6).]

Appeal from Harris County Court at Law; Clark C. Wren, Judge.

Mrs. E. F. Westergreen was convicted of having in her possession with intent to sell and with offering and exposing for sale meat which was in a filthy, decomposed, and putrid state, and she appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. The information and complaint charge appellant with having in her possession with intent to sell and with offering and exposing for sale meat which was an article of food consisting in whole and in part of filthy, decomposed, and putrid animal substance. The record is without a statement of facts or charges. The only ground of the motion for new trial is that the judgment is contrary to the law and the evidence in this: That there was no testimony that the meat in question was offered or kept for the purpose of sale, and therefore the evidence did not sustain the conviction. We are unable to pass on this question, for the reasons stated, that the evidence is not before the court.

The judgment will be affirmed.

---

BAKER et al. v. DRAKE. (No. 975.)

(Court of Civil Appeals of Texas. Amarillo. April 26, 1916.)

APPEAL AND ERROR ⊙⟹1066—TRIAL ⊙⟹233(1) —INSTRUCTIONS—CONFORMITY TO ISSUES — PREJUDICE.

In an action on a secured note, where the answer alleged that defendant signed the note as surety, that plaintiff had possession and control of mortgage, and in violation of their agreement failed to have it recorded, whereby the security and protection afforded the defendant was lost, an instruction on the pleadings that the answer alleged that the defendant signed the note as surety, and at the time of the execution of the mortgage it was agreed that the plaintiff in collection of the note would first exhaust the mortgaged property before the defendant should become liable, was a misstatement of the issues and prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ⊙⟹1066; Trial, Cent. Dig. § 527; Dec. Dig. ⊙⟹233(1).]

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by J. L. Drake against Dr. J. F. Baker, in which W. B. Olds became a party defendant. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

J. H. Lawson, of Sherman, for appellants. Brame & Brame, of Sherman, for appellee.

HALL, J. Appellee instituted this suit in the county court of Grayson county, against appellant Baker, seeking to recover the sum of $300, with 10 per cent. interest and 10 per cent. attorney's fees. Appellant filed an answer, praying that W. B. Olds be made a party defendant. After being duly cited Olds filed an answer. The original petition described the note as having been made for the sum of $330, with interest and attorney's fees, but by subsequent pleading prayed for only $300, the actual principal of the note, being the sum loaned, and 10 per cent. attorney's fees.

Appellant Baker answered, and admitted the execution of the note, but alleged that he had signed it as a surety only, and that at the time of signing the note appellee took a mortgage upon the property of his principals of sufficient value to satisfy the indebtedness; that appellee failed to record the mortgage, and that later the principals upon the note executed a second mortgage to a third party which was recorded, giving it priority, and that the property described in both mortgages was sold under the second mortgage, and as a result of the carelessness and negligence of the said Drake the security was lost, and that defendant should therefore be released.

The appellant Olds, who was the only one of the principals upon the note cited, the remaining principals being nonresidents, admitted the execution of the note, and alleged that $30 of its face value represented interest thereon for 90 days.

Appellant first assigned as error that the court, in stating the pleadings to the jury, erroneously set out issues not made by the pleadings, and upon which no evidence was introduced. In giving the substance of appellant's defenses the court instructed the jury that he alleged he signed the note as a surety, and at the time of the execution of the mortgage lien by Olds it was understood and agreed between appellant and plaintiff that in the event plaintiff was forced to institute suit for the collection of the note he was to exhaust the mortgaged property before defendant Baker should become liable. The appellant duly excepted to this misstatement of the issues, and the matter is presented here in proper form.

Reference to the pleadings shows that the court erroneously set out appellant's defense. The complaint in the answer was that plain-

tiff had possession and control of the mortgage and failed and refused to have the same properly recorded; therefore the protection afforded appellant was lost; that his failure to record the mortgage was in violation of the agreement between them and of his legal duty to appellants. The error having been properly called to the attention of the trial court, the charge should have been corrected, and the failure to do so, we think, is reversible error. Smith v. Guerre, 175 S. W. 1093; G., C. & S. F. Ry. Co. v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 369; Milmo v. Adams, 79 Tex. 526, 15 S. W. 690.

The second assignment of error complains of the refusal of the trial court to admit certain evidence. The bills of exception are not in accordance with the requirements, and this assignment will not be considered.

By the third assignment it is contended that the court erred in instructing the jury that, if they should believe from the evidence that at the time Baker signed the note it was understood and agreed between the parties that plaintiff should collect the amount of the note out of the property covered by the mortgage, or if it was agreed on the part of plaintiff to foreclose the lien on the property and apply the same as far as its value would go toward the payment of the note and look to Baker for the remainder, they should find in favor of Baker and against the plaintiff, and in the following paragraph submitted the reverse of the proposition, because no such issue was made by either the pleadings or the evidence. This assignment must also be sustained. The error in the charge was properly excepted to, and it is clear from the pleadings that appellant did not claim any agreement on the part of plaintiff to foreclose the mortgage, but, on the contrary, insisted that the mortgage could not be foreclosed for the reason that the security was lost because of appellee's want of diligence in recording it.

The fourth assignment is without merit, and is overruled.

Because of the errors set out, the judgment is reversed, and the cause remanded.

