**DAVIS et al. v. CISNEROS et al. (No. 6361.)**

(Court of Civil Appeals of Texas. San Antonio. March 24, 1920. Rehearing Denied April 14, 1920.)

1. **Trespass to try title** ⚖️35(3)—**Instrument not in plaintiffs' abstract of title inadmissible.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7743–7745, in trespass to try title, when demand is seasonably made on plaintiffs to furnish abstract of title they rely upon, there must be strict compliance therewith, and written instrument, subsequently offered in evidence, not having been included in abstract, cannot be admitted.

2. **Evidence** ⚖️248(1)—**Husband's acknowledgment of tenancy admissible on issue of limitations.**

Instrument signed by husband alone, acknowledging tenancy in respect to community property claimed to have been held adversely, is admissible to go before jury in trespass to try title against husband and wife for what it is worth on issue of limitations.

3. **Adverse possession** ⚖️115(5)—**Court cannot determine issue where question of fact is raised.**

Court has no power to take from jury, on issue of adverse possession, suit in trespass to try title, and to say as matter of law there is a title in defendants by adverse possession, where there is question of fact involved.

4. **Adverse possession** ⚖️115(5) — **Agreement to pay rent by possessor raises issue for jury adverse to claim.**

An issue adverse to claim of title by limitations is raised when the possessor pays rent, or agrees to pay rent, for any part of the period, past, present, or future, which becomes a question for the jury to settle.

5. **Adverse possession** ⚖️85(2)—**All relevant acts and statements of possessor should go to jury.**

To overcome legal title and deprive the owner of his estate by adverse possession, every act or thing done or statement made by the possessor in respect of his holding, material and relevant to issue, should go to jury.

6. **Adverse possession** ⚖️85(2)—**Any fact to establish want of continuous possession and claim admissible.**

To acertain whether a holding of land from its inception was continuously adverse and hostile, it is permissible to show in proper way any relevant fact tending to establish want of continuous possession and claim; declaration of possessor being material.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Annie E. Davis and others against Maria Cisneros and another. From judgment for defendants, plaintiffs appeal. Reversed, and cause remanded for new trial.

E. L. Coleman, of Corpus Christi, for appellants.

John C. Scott and E. B. Ward, both of Corpus Christi, for appellees.

COBBS, J. This suit is one in trespass to try title, instituted in the district court of Nueces county on the 28th day of January, 1914, by Annie E. Davis (an heir of C. M. Davis, deceased), and later on the remainder of such heirs were made coplaintiffs, against Maria Cisneros and husband, Juan Cisneros, and, the latter having since died, the second husband, Preciliano Vasquez, was made a codefendant with Maria Cisneros, who constitute the present defendants. Judgment upon the special verdict of the jury was rendered for defendants.

Defendants allege title in them by adverse possession for 3, 5, and 10 years, also by deed. The sole question submitted to the jury, by

request of defendants, was by way of a special issue as to whether or not title by adverse possession had been acquired by defendants under the 10-year statute of limitations. The jury answered the question in the affirmative. Plaintiff offered no special charge and requested no other issue to be submitted to the jury. The court rendered a judgment in favor of the defendants. No objection is urged to the judgment, and appellants urge the court's refusal to admit certain testimony offered by plaintiff on the question of limitation only to be an error of law.

The first error assigned is:

"The court erred in refusing to permit the plaintiffs, at the trial of said cause, to prove by said witness A. A. Thompson that on August 11, 1908, he, the said A. A. Thompson, was the duly authorized agent of the plaintiffs, and as such agent, and under due authority from plaintiffs, he, the said Thompson, procured the following contract to be signed by Juan Cisneros, the then husband of the defendant Marie Cisneros, which contract is in writing, and in the handwriting of the witness Thompson, which contract is in words and figures as follows, to wit: 'Corpus Christi, Aug. 11, 1908. I hereby rent lot No. 5, in block No. 34, Bluff, from A. A. Thompson, agent for heirs of C. M. Davis, at one dollar per month beginning August 1st, 1908. [Signed] Juan Cisneros."

"That said Juan Cisneros read said writing, and that said Juan Cisneros personally signed the same after reading and understanding the same fully, and then and thereupon delivered said writing to said A. A. Thompson as agent for plaintiff in this suit."

The second assignment substantially complains of the same ruling.

[1, 2] One of the objections made to the introduction of the paper was that plaintiff had called upon defendant to furnish an abstract of the title he relied upon, which was complied with, but did not state this rental contract as one of the instruments he intended to rely on, which objection was sustained, and the trial judge qualified the bill by indorsing thereon, as follows:

"Plaintiffs had been required to and had furnished an abstract of title, and the written instrument offered in evidence was not included in the abstract."

When such a demand is seasonably made, there must be a strict compliance therewith. Articles 7743, 7744, and 7745, Vernon's Sayles' Statutes; Hayes v. Groesbeck, 69 S. W. 237; Hays v. Hinckle, 193 S. W. 155. Such an instrument, signed by the husband alone, acknowledging tenancy in respect to community property, is admissible to go before the jury for what it is worth on the issue of limitations. Railway v. Speights, 94 Tex. 350, 60 S. W. 660.

[3, 4] The instrument was not offered as a muniment of title, but as a circumstance to consider with other testimony in connection with the adverse claim of use and occupation under a limitation title, and was admissible for that purpose. A title by limitations is dependent upon facts proven to establish it. The court has no power to take the case from the jury on an issue of that kind and say, as a matter of law, there is a title, where there is a single question raised to show the title is not adversely held. Of course, it raises an issue adverse to the claim when the possessor pays rent, or agrees to pay rent, for any part of the period, past, present, or future, and becomes a question for the jury to settle. Brown v. Fisher, 193 S. W. 361. Also see same question discussed and decided by this court in Nerio v. Christen, 189 S. W. 1039. In this case, appellant offered to prove by A. A. Thompson, the agent of the owners, that Juan Cisneros, the late husband of Maria Cisneros, appellee, paid and agreed to pay rent during the time of their possession and occupancy, and no one ever thereafter brought home to the true owner notice that the tenancy was repudiated.

As shown by said bill of exceptions Nos. 1 and 2, appellant offered to prove by A. A. Thompson, who was the agent for the owners of the land, that Juan Cisneros, who signed the written agreement for rent, paid monthly rentals upon the property from August 11, 1908, to and including April 11, 1909, and indicated his willingness to pay all back rent, if given time and allowed to retain the premises as tenant, and at no time during his life repudiated the tenancy, and the bill of exception No. 2 shows that the situation, as it was on August 11, 1908, regarding the acknowledgment of tenancy by Juan Cisneros for himself and wife, never changed or altered from that time to his death, and was not changed since his death by any declaration of his survivor or her husband.

[5, 6] It is not for us to express any opinion on this testimony; it is for the jury to say whether the possession was held adversely and continuously long enough at any time, with all the requisites that establish a limitation title. To overcome a legal title and deprive the true owner of his estate by adverse possession, we believe that every act and thing done or statement made by the claimant in respect of his holding, and material and relevant to the issue under inquiry and investigation, should go to the jury for them to pass on in making a finding. In such a case, where there is a controversy, title may not be determined by the court as a matter of law, only on the issues settled by the jury's findings, however patent the facts may appear to the court. To ascertain whether the holding from its inception was continuously adverse and hostile to the true owner, it is always permissible to show in a proper way any relevant fact that tends to

establish the want of continuous possession and claim, and to that end the declaration of the party in possession is material on that issue, for, as said in McDonald v. McCrabb, 47 Tex. Civ. App. 267, 105 S. W. 242:

" 'A single lisp of acknowledgment by defendant that he claims no title fastens a character upon his possession which makes it unavailable for ages.' Warren v. Frederichs, 83 Tex. 384, 18 S. W. 750; Texas Western Ry. Co. v. Wilson, 83 Tex. 157, 18 S. W. 325; Hand v. Swann, 1 Tex. Civ. App. 241, 21 S. W. 283;" Robinson v. Bazoon et al., 79 Tex. 526, 15 S. W. 585.

We believe the court erred in excluding the testimony offered, because it should have gone to the jury for their consideration and determination as the judges of the credibility and weight to be given to the testimony.

The assignments are sustained, and cause remanded for a new trial.