## ALMA OIL CO. v. SHEPPERD et al.

### No. 5209.

Court of Civil Appeals of Texas. Texarkana.

April 28, 1938.

Rehearing Denied May 5, 1938.

W. H. Sanford and Conan Cantwell, both of Dallas, for appellant.

Wynne & Wynne, of Longview, and Butler, Price & Neill, of Tyler, for appellees.

WILLIAMS, Justice.

Appellant, Alma Oil Company, plaintiff below, holder of a leasehold interest out of J. W. L. Younse, fee owner, appeals from a judgment denying it any recovery in a trespass to try title action, tried to a jury, in which it grounded its right of recovery upon a regular chain of title from the state of Texas. Appellees, Mrs. Mildred O. Shepperd, and C. A. Lee and R. A. Burnett, holders of a leasehold under Mrs. Shepperd, defendants below, defended on a plea of not guilty and a ten years' statute of limitation title, Vernon's Ann.Civ.St. Art. 5510. Z. J. Spruill, a defendant, disclaimed. The jury found that Mrs. Shepperd either in person or through tenants had been in peaceable, adverse, and continuous possession of the 5.58 acres in controversy for a period of ten years, using, occupying, and enjoying the same for the purposes to which it was adapted, under a claim of right and hostile to the claims of others; and that such possession continued from 1875 or 1876 to 1934. Under appellant's motions for instructed verdict and for judgment non obstante veredicto, the propositions advanced are that the evidence when taken most favorably to the defendants failed to establish that Mrs. Shepperd, either in person or through tenants, had been in peaceable and adverse possession for any consecutive period of ten years, cultivating, using, or enjoying the same, and failed to show she claimed same after 1910.

Mrs. Shepperd testified that a Mr. Foreman gave this 5.58 acres of land to her in 1875 in payment of timber cut through mistake off her land, and about that time she inclosed it with a rail fence, fencing same in order to obtain water in the pasture, and had pastured one thing and another on it, mostly goats. This rail fence remained until 1910, at which time it was replaced with a hogproof fence; her son-in-law, Mr. Stancil, supervising its construction. The tract has remained con-

tinuously under fence sufficient to turn stock from about 1875 until it was removed in 1934 for oil field operations. The tract contained a spring or branch, included two ravines, Bermuda grass, some timber, and a small portion which had been put in cultivation and cultivated in various years. It was situated to the west and north of a south 35-acre tract owned by Mrs. Shepperd, and used and occupied by tenants in connection with the 35 acres. The testimony of various witnesses was sufficient to show that the land was either pastured or cultivated each and every year over this period of time until 1934.

■ Mrs. Shepperd in 1910 conveyed by deeds to her two daughters the above-mentioned 35 acres and another tract to its north. The field notes in these conveyances do not include the 5.58 acres in controversy, and hence did not pass by any deed. The evidence discloses that this lady, who was about 83 years of age at the time of the trial, on cross-examination did testify:

"* * * I gave my two girls that land. I divided the home place between them.

"Q. Did that include all the land you had out there? A. Yes, sir; and in the woods, too.

"Q. Since then you have not made any claim to that land out there? A. No, not since I gave it to my children. When I give anything away, I don't continue to call it mine."

' On direct examination this witness testified: "* * * After the land was first fenced, I claimed to own it and during all these years I and my family have claimed to own it, and I never heard until up to the time of the lawsuit of any other person claiming the land except myself and husband."

Other witnesses supported her testimony that the Shepperds had claimed the land. It is evident from the field notes that she did not convey by deed this 5.58 acres of land to either of her daughters. This evidence presented a question of fact to be submitted to the jury, which the trial court correctly did. 41 T.J., Trial of civil cases, § 167–172, incl., and authorities there cited.

■ R. M. Wood, a real estate agent who negotiated the sale of a 46.1-acre tract from L. J. Everett to Younse, testified, over objection of appellant, that he went to Mr. Stancil about this tract of land at the instance of Mr. Younse to see if he (Stancil) would have his mother-in-law, Mrs. Shepperd, make him (Younse) a deed to this property. The field notes of the 46.1-acre tract included the 5.58 acres. Mr. Wood's testimony referred to a time after Younse had purchased the 46.1 acres and years before he executed the oil and gas lease now held by appellants. The record reflects no move at that time or any effort to compromise or settle any controversy between Younse and Mrs. Shepperd. At the time appellant acquired the lease the hogproof fence surrounded this 5.58 acres and the deed record disclosed a controversy and agreement then of record pertaining to the land in controversy. Appellant does not contend by its pleadings that it was an innocent purchaser for value. In 17 Tex.Jur. p. 589, it is said: "Declarations or admissions made by a person in possession of property in disparagement of title are admissible against the person making them, his heirs and others claiming under him, including his grantee, if made prior to the grantee's purchase and where it is not shown that the grantee is an innocent purchaser for value." Upson v. Campbell, Tex.Civ.App., 99 S.W. 1129, writ refused; Sabinal Nat. Bank v. Cunningham, Tex.Civ.App., 256 S.W. 317, and authorities therein cited.

We find no error in the record; therefore, the judgment of the trial court is affirmed.