## OLIVAS et al. v. SAMBRANO.

### No. 3700.

Court of Civil Appeals of Texas. El Paso.

April 28, 1938.

W. R. Pohle and W.-Joe Bryan, both of El Paso, for appellants.

Jones, Turney, Hardie, Grambling & Howell, of El Paso, for appellee.

WALTHALL, Justice.

Appellee, Silverio Sambrano, as Administrator of the Estate of Esteban Sambrano, deceased, brought this suit as plaintiff against appellants, Elisa Olivas and Joaquin Olivas, in trespass to try title and for possession of lots 15, 16, 17 and 18, in Block 12, in what is known and described in the petition as Sambrano Suburb or Addition lands in El Paso County, Texas.

Appellee pleaded, and it was stipulated, that Esteban Sambrano, deceased, was the owner of the property involved in the suit on February 17, 1922, and the chain of title pleaded by appellee and under which he claims title for the Estate as administrator, begins on February 17, 1922, and proceeding, omitting dates, by a deed from Esteban Sambrano to Elisa S. de Olivas, deed from Elisa Olivas and Joaquin S. Olivas (appellants) to Victor Sambrano, deed from Victor Sambrano to Esteban Sambrano, deed from Esteban Sambrano to Victor Sambrano, Will of Victor Sambrano, duly probated and filed, devising to Esteban Sambrano all property belonging to Victor Sambrano, order granting letters of administration to Silverio Sambrano upon the estate of Esteban Sambrano, deceased, bond and oath of office as administrator of Silverio Sambrano. Appellee also pleaded title in Esteban Sambrano, deceased, under the five and ten years statutes of limitation.

Appellants answered; pleaded not guilty, pleaded homestead, valuable improvements, the four and ten years statutes of limitations, Vernon's Ann.Civ.St. arts. 5527, 5510; pleaded fraud and misrepresentations and improper acknowledgment of the wife to the deed from Elisa Olivas and Joaquin Olivas of date September 5, 1923, to Victor Sambrano (second deed in appellee's chain of title).

On the trial the case was tried and submitted to a jury on special issues.

The jury found against appellants on all issues submitted, and judgment was rendered for appellee.

### Opinion.

Without referring to appellants' pleadings, they insist in their propositions that the undisputed evidence shows that the wife, Elisa Olivas, never appeared before G. C. Smith, the Notary who purportedly took her acknowledgment to the deed of date September 5, 1923, conveying the property in controversy to Victor Sambrano; that all of the evidence shows that she signed said deed in the presence and hearing of her husband, Joaquin Olivas. The above issues were submitted to the jury and the jury found each against appellants.

The acknowledgment to the deed is in due form, shows to have been taken before G. C. Smith, Notary. G. C. Smith testified that the wife's acknowledgment was taken separate and apart from the husband and out of the presence of the husband.

The above propositions are overruled.

There is no merit in the third proposition submitting that Esteban Sambrano was present at all times while the acknowledgment to the deed was being taken, and in fact directed the signing of the deed.

The jury found that Esteban Sambrano, or those under whom he claims, held peaceable and adverse possession of the land in controversy, using and enjoying same for ten years elapsing subsequent to September 5, 1923, the date of the deed from appellants, and, conversely, that appellants did not hold such possession for a period of ten years subsequent to the date of the deed and prior to the filing of the suit.

The evidence on the two issues is conflicting, and the jury's findings must control.

Appellants, under the above propositions, contend that Esteban Sambrano could not claim right of possession until after the death of Victor Sambrano, his predecessor in title and possession, which occurred in 1934, and refer to Thompson v. Richardson, Tex.Com.App., 221 S.W. 952. We do not think that case supports appellants' contention.

We have found no reversible error, and the case is affirmed.