### ALLISON v. GROPPENBACHER et al.
### No. 3960.

Court of Civil Appeals of Texas. El Paso.

June 20, 1940.

Rehearing Denied July 13, 1940.

Hughes, Hardeman & Wilson, of San Angelo, for appellant.

T. M. Milam, of Fort Stockton, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Pecos County. The statement of the nature and result of the action as contained in the brief of appellant is admirable in accuracy, clarity and brevity, and we almost literally follow same.

Five suits were filed in the 112th Judicial District Court of Pecos County, Texas, to recover 280 acres of land, said suits being numbered 775 to 779, inclusive, on the docket of said court. The suits were consolidated by agreement of the parties and given the number 775, styled Wm. Groppenbacher et al. v. John S. Allison. They are suits to try title as well as for damages. The consolidated causes proceeded to trial on July 27, 1939, before the court without the intervention of a jury, upon appellees' petitions, in which it was alleged that appellees were the owners and in possession of certain lands in Pecos County, Texas, on January 1, 1938, and still owned the same, and that appellant on said date unlawfully entered upon and dispossessed appellees of the lands and withholds possession to appellees' damage; that appellant used and occupied the lands for grazing purposes for two years prior to filing suit. Appellant answered this petition by general demurrer, plea of not guilty, general denial and by plea of the three, five and ten year statutes of limitation in each case.

Upon the conclusion of the evidence and the argument of counsel the court rendered judgment in favor of appellees and against appellant, that appellees do have and recover of and from appellant the various tracts of land described in their petitions. Appellant thereupon excepted to the court's ruling, in open court, and gave notice of appeal to this court, and filed his appeal bond in proper form, which was approved and filed on August 2, 1939, in the District Court of Pecos County, Texas.

Five separate tracts of land were involved in the five suits, each containing approximately forty acres; each a part of Survey 1, Block 2, Abstract 2007, Certificate 31/2623, in Pecos County. The issues were, for all practical purposes, the same as to each tract of land.

Findings of fact and conclusions of law were not demanded and do not appear in the record. This being the case all issuable facts under the evidence are presumed to have been found in a way to support the judgment rendered. If sustained under any theory of the evidence, it is our duty to affirm the judgment.

The first paragraph of the statement of facts is as follows: "1. Defendant admitted that title to all the lands involved in this suit had passed out of the state and that plaintiffs were the record holders of such title and were entitled to recover unless defendant prevailed under his pleas of limitation as set out in his answer."

The issue on appeal is further narrowed by the fact that appellant in his brief abandons his claim under the three years' statute.

The question, then, is: Did the evidence establish beyond issue title in the defendant under either the five or ten years' stat-

ute of limitation? Vernon's Ann.Civ.St. arts. 5509, 5510.

Appellant claims under the following written instruments:

General Warranty deed from Max Mayer to George S. Allison, J. S. Allison and G. C. Allison, conveying, among other lands, Survey 1, Block 2, Abstract 2007, the deed dated January 12, 1918, and filed for record and recorded in Pecos County September 14, 1926;

Warranty deed from G. C. Allison and wife to defendant J. S. Allison, purporting to convey, among other lands, an undivided one-third interest in said Survey No. 1; this deed dated September 21, 1926, filed for record October 15, 1926, and duly recorded in Pecos County;

Warranty deed from George S. Allison to J. S. Allison, conveying, among other lands, an undivided 13/48 interest in and to said Survey No. 1, Block 2, dated August 15, 1933, and recorded in Deed Records of Pecos County August 16, 1933.

These three deeds were all properly indexed in the index to the Deed Records of Pecos County, and the record thereof introduced in evidence.

On the said section in question all taxes have been paid before same were delinquent for the years 1926 to 1938, inclusive. The defendant Allison testified that while he owned an undivided interest in the land he paid his proportionate part of these taxes and his co-tenants paid their proportionate part; that after he acquired the interest of his co-tenants he paid all the taxes. This was the only evidence as to the payment of taxes.

The only witness testifying as to facts to sustain the pleas of adverse possession of the land in controversy was defendant J. S. Allison. In substance, his testimony was that he owned a ranch about thirty-five miles south of Fort Stockton; a part of this ranch is Survey 1, Block 2, H. & T. C. Ry. Co.; the lands in controversy are included in this section or survey; from the date of the Max Mayer deed, that he, jointly with his father and brother, held exclusive possession of said land, no one else having at any time possession thereof, and the lands were used for grazing and pasturage purposes; that when his brother deeded to him he and his father continued such use and possession; on the 15th day of August, 1933, his father conveyed his interest to defendant, from which time de-

fendant used and possessed the lands and claimed title thereto; that the land was only suitable for grazing and pasturage purposes, and was so used by defendant; that the lands involved are enclosed in a pasture of about 4,000 acres, more or less, and that all of the lands in the enclosure are owned by said defendant; the fence around said land is a net wire fence and is wolf proof.

On cross-examination defendant admitted having, on October 11, 1928, written a letter to Honorable W. C. Jackson, an attorney then representing plaintiffs, in which letter the following sentence occurs: "Of course, I would like to own these lands for the reason if I should ever sell I could sell them with the other lands."

Judge W. C. Jackson testified that the correspondence between him and Allison was in reference to the lands in controversy, and that he was representing plaintiffs in 1928.

It will be observed that the extent of the use made by defendant of the lands is not stated by him. The character of the use is said to be grazing and pasturage purposes. It does not appear from his testimony when the fence in question was constructed enclosing the lands in controversy with the other lands defendant testified he owned; it does not appear whether or not the erection of this fence constituted a trespass on the lands of plaintiffs; it does not appear whether or not the other lands in the enclosure claimed by defendant entirely surround the lands claimed by plaintiffs.

In 1936, defendant Allison executed a deed of trust covering 45,324.4 acres of land. Included in this deed of trust was the northwest quarter and the southwest quarter of the southwest quarter of Survey 1, Block 2; said portions of land of the said survey being no portion of the land involved in this suit, the lands involved are a part of this same section.

■ We think it clear that the letter of October 11, 1928, to Judge Jackson justifies, if it does not compel, the finding that on that date defendant was not asserting claim to the land involved adverse to the title of plaintiffs. Warren v. Fredericks, 83 Tex. 380, 18 S.W. 750; Houston Oil Co. v. Pullen, Tex.Com.App., 272 S.W. 439, and authorities there cited; R. W. Weir Lbr. Co. v. Eaves, Tex.Com.App., 296 S.W. 481; Johnson v. Martinez, Tex.Civ.App., 18 S.W.2d 925.

The only use defendant testified as to having made of these lands was grazing and pasturage. It seems such a use alone is insufficient for the acquisition of title, if such use is not accompanied by some other visible manifestation of appropriation of the land. Mason v. Stapper, Tex.Sup., 8 S.W. 598; De Las Fuentes et ux. v. Macdonell, 85 Tex. 132, 20 S.W. 43.

The only other visible appropriation of the lands appearing in defendant's testimony is the fact that same were enclosed with other lands by a fence. He stated, "The lands are now enclosed by a wire fence, wolf proof." Conceded that this is a substantial fence, ample to give notice of possession, the question still remains: How long has such fence been maintained? A careful perusal of the statement of facts does not answer the question. The statement of the witness that he held possession is in the nature of a mere conclusion; as is likewise his statement that he made use of the land, with this qualification of the latter statement: that use as to pasture and grazing was a statement of fact. We are unable to determine from his evidence that the lands in question were ever enclosed by a substantial fence for a period of five or ten years, coupled with, during said period, a continuous and unbroken use of the land for grazing and pasturing. In addition to continuous assertion of claim of right there must be cultivation, use or enjoyment for the prescribed period. The mere fencing of the land and maintaining such fence for five or ten years would be insufficient, in and of itself, to give title by limitation. Under the facts of this case the mere use of the land for grazing and pasturage without enclosure would be insufficient to give such title. Under the facts as made by this case both the fence and the pasture for one of the required periods were essential. 2 Tex.Jur. p. 91, sec. 47.

The evidence, in our opinion, does not show beyond an issuable fact that the land involved was ever enclosed for a period of either five or ten years. In fact, we have grave doubts as to its sufficiency to even raise the issue.

It is true, as asserted by defendant here, that his testimony with reference to the use and possession was uncontradicted. Defendant, however, was an interested witness. The facts as to which he testified were not necessarily within the knowledge of plaintiffs. The burden was certainly upon him to show how and in what manner he acquired the title of plaintiffs. In our opinion, even though his testimony had unqualifiedly been as to facts sufficient to satisfy the requirement as to the law of limitation, there still was an issue of fact for determination by the court. This issue was found against the defendant. 41 Tex.Jur. 172.

Part of the vital essential facts as to adverse possession are peculiarly in the knowledge of the claimant. He alone may absolutely know whether or not he has at all times claimed the right of possession to the land.

A disputed question of fact under the evidence has been found against the defendant by the trial court. This finding forecloses the matter.

We find no error in the record.

It is ordered that the case be affirmed.