**CLAYTON et al. v. REAMER et al.**

No. 3865.

Court of Civil Appeals of Texas. Beaumont.

July 17, 1941.

Rehearing Denied Sept. 17, 1941.

Fulbright, Crooker, Freeman & Bates, of Houston, for appellants.

Lewis & Knipp, of Houston, for appellees.

O'QUINN, Justice.

This was an action in trespass to try title wherein appellees, R. R. Reamer and wife, Luna M. Reamer, defendants below, on their plea of ten years limitation recovered judgment against appellants, Benjamin and William Clayton, plaintiffs below, for the title and possession of the land in controversy, a tract of approximately eleven acres out of the John R. Black survey in Harris County. Judgment was also that appellants recover nothing against Mrs. Lute A. Condit, widow of A. J. Condit, individually and as independent executrix of the estate of her deceased husband, A. J. Condit. Judgment was also entered on the undisputed evidence without submission to the jury, annulling the judgment in cause No. 158614, W. B. Bates et al. v. W. W. Fondren et al., a link in appellants' chain of title, insofar as it purports to affect the title to the above described property, as prayed for in the cross-action of appellees, Reamer and wife. The appeal was perfected to the Galveston Court of Civil Appeals, and is on the docket of this court by order of transfer by the Supreme Court.

By its answers to the special issues submitted by the court's charge, the jury found the following facts: By its answer to special issue No. 1, for a period of ten consecutive years prior to March 3, 1936, the date appellants filed their suit, appellees R. R. Reamer and wife, had had peaceable and adverse possession of the eleven acre tract in question, cultivating, using or enjoying it, as against appellants and those under whom they claim; by answer to special issue No. 2, appellee Reamer had not at any time within the limitation period recognized by word or act that those whose title appellants hold were the owners of the eleven acres of land in question; by answer to special issue No. 3, Mr. Condit had not at any time within the limitation period recognized by word or act that those whose title appellants hold were the owners of the eleven acres of land in question. A negative answer was returned to special issue No. 4, "Do you find from a preponderance of the evidence that defendant Ralph R. Reamer had been in peaceable, adverse and continuous possession of the eleven acre tract in question, cultivating, using or enjoying the same and claiming to own only a one-half interest therein for any period of ten consecutive years prior to the filing of this suit on March 3rd, 1936?" By its answer to question No. 5 the jury found that Mr. Condit had not at any time within the limitation period recognized by word or act that those whose title appellants hold were the owners of the eleven acres of land in question; by its answer to question No. 6, that Mr. Reamer had not at any time within the limitation period recognized by word or act that those whose title appellants hold were the owners of the eleven acres of land in question; by its answer to No. 7, that Mr. Condit was not the agent of appellee Reamer with respect to all matters involving the eleven acre tract in question.

By their 9th proposition appellants assert that the Reamers did not have possession of the land in question for ten full consecutive years under a claim of right; and by their 10th proposition, that the jury's affirmative answer to special issue No. 1 was contrary to the great and overwhelming weight and preponderance of the evidence. These propositions are overruled.

In 1917, R. R. Reamer went into possession of the land in controversy and built a fence around it and a house on it. He married about that time, moved on the land with his wife, and occupied the improvements he had erected as their home, continually from 1917 to the filing of this suit in March, 1936, from time to time making additional improvements. Part of the land he acquired from his father; part he acquired from Mr. A. J. Condit, paying therefor $900 or $1,000. At the time he went upon the land, fenced it and erected his improvements, it was open, unfenced prairie land. From 1917 to the time this suit was filed no other person within Reamer's knowledge asserted any adverse claim to the land. During the time he was in possession, Reamer's claim to the land was notorious; the land lay on a main, heavily travelled public highway, from which the fence around it and the improvements were plainly visible. Dur-

ing the time he was in possession, from 1917 to the time this suit was filed, Reamer not only lived on the land, claiming it as his own, but each year it was cultivated, and used and enjoyed by him or the parties holding under him. Appellants entered of record the following concession: "* * * it is undisputed that defendants R. R. Reamer and wife were in peaceable possession of the land in question from the fall of 1917, until March 3, 1936, which is here now conceded by the plaintiffs." Clearly, the evidence raised the issue submitted by special issue No. 1, and the jury's answer to that issue was not against the overwhelming weight and preponderance of the evidence. In Hartman v. Huntington, 11 Tex.Civ.App. 130, 32 S. W. 562, 563, the Court said: "Ordinarily, when a person in possession of land is shown to have used and enjoyed it as owners of lands usually do, the natural inference is that his possession was taken and held for himself as owner, and that it was 'therefore inconsistent with and hostile to the claim of another.' This inference prevails unless something else is shown to qualify and explain the possession."

It is also the law that, no matter how exclusive and hostile to the true owner the possession may be in appearance, it is not adverse unless accompanied by the intent on the part of the occupant to make it so. Houston Oil Company of Texas v. Stepney, Tex.Civ.App., 187 S.W. 1078. The fact that Reamer occupied this land from 1917 to 1936, improving it from time to time, raising his family on it and claiming it notoriously, clearly raised the issue of "intent" on his part to hold the land adversely, not only against appellants but also against the world, unless, as said in Hartman v. Huntington, supra, something else is shown to qualify and explain Reamer's possession. All theories of the qualifying facts relied upon by appellants were submitted to the jury and found against them.

Appellants assert by their 13th proposition that the finding of the jury, in answer to special issue No. 7, that Mr. Condit was not the agent of appellee Reamer with respect "to all matters involving the eleven acre tract in question", was against the overwhelming weight and preponderance of the testimony. This contention is overruled. There was no direct evidence that Mr. Condit was Reamer's agent. Appellant offered testimony raising that inference and from which a jury could have found agency. But it did not establish agency as a matter of law. There was no direct evidence that Reamer authorized Condit to act for him in relation to his land in any respect. Reamer had bought the land from Condit, in part, and had probably paid him the full purchase price, and he claimed the land as his homestead and exercised an exclusive dominion over it. He testified that he did not have at any time a "hard and fast agreement" with Mr. Condit; that he had never given him a power of attorney, anything of that sort; that he had never given him any "specific directions" about his land; that if Mr. Condit had any conversations with Leonard Rice he knew nothing about such conversations—appellants relied upon the testimony of Leonard Rice, a negro, to establish the fact that Condit made statements qualifying and limiting Reamer's possession. A careful review of the testimony convinces us that the jury's answer to special issue No. 7 has reasonable support in the evidence. Our discussion on this point pretermits a review of the evidence and the law on the authority of Reamer to imperil Mrs. Reamer's homestead rights in the land in controversy by any agreement with Condit. On our conclusion that the jury's answer to special issue No. 7 has support in the evidence, appellants' proposition becomes immaterial; that Mr. Condit recognized the title to the land in controversy to be in appellants' predecessor in title. However, that issue was submitted to the jury by question No. 3 and found in appellees' favor. A review of the testimony on issue No. 3 would support our conclusion that the jury's answer has reasonable support.

We give appellants' 14th proposition: "The trial court erred in overruling the Claytons' motion for an instructed verdict against the defendants; because the evidence established as a matter of law, that Mr. Reamer recognized the title of the Claytons and those under whom they hold, when he did not assert his ownership to Leonard Rice and Mr. Condit and when he continued in possession after Mr. Condit told him about arranging to buy the land from Leonard Rice, on the occasion when Leonard Rice was building the fences with his stepson." Leonard Rice, the negro, was shown to be an interested witness. We overrule the 14th proposition on the following statement: The evidence shows

that Leonard Rice went upon the land in controversy at a time when the appellee, Reamer, was not present and without any previous notice to him or inquiry of him. The evidence further shows that appellee Reamer had no knowledge of the alleged statements made by the witness, Leonard Rice. The testimony of the one interested witness to this controverted fact did not, as a matter of law, establish the fact thereby entitling the appellants to judgment. The credibility of the witness, Leonard Rice, and the weight to be given his testimony, are matters exclusively within the province of the jury. This proposition also ignores Mrs. Reamer's homestead rights in the land. This statement also denies appellants' 15th proposition that the jury's answer to special issue No. 2 was contrary to the overwhelming weight and preponderance of the testimony.

By their 16th and 17th propositions appellants assert that the court erred in refusing to submit to the jury the following issue: "Do you find from a preponderance of the evidence that Mr. Condit and Ralph R. Reamer were partners in the eleven acre tract in question from 1917 until Mr. Condit's death?"

Issue No. 4 submitted to the jury, on the evidence, the facts and the legal effect of this requested issue. On supporting evidence the jury also found that Condit was not appellee's agent in respect to this land, and also that Condit, during the limitation period, had not recognized that those whose title appellants hold were the owners of the land. On the ground that every element of this requested issue was sent to the jury by the court's charge, appellants were not entitled to its submission.

We agree with appellants that the court's judgment, annulling and cancelling the judgment in cause No. 158614, Bates v. Fondren, though on undisputed facts, was without support in law, and for this reason this finding is reversed. This judgment affected appellants' chain of title, and appellees, strangers to the judgment, could not attack it collaterally. But the issue was wholly immaterial on appellees' plea of limitation. There was nothing in the evidence in this issue to prejudice appellants' defense against appellees' plea of limitation, which, in our judgment, on the evidence as a whole, was clearly established.

The judgment of the lower court is in all respects affirmed, except wherein the judgment in cause No. 158614, Bates v. Fondren was annulled and cancelled. In this respect, judgment is here rendered for appellants.

Affirmed in part, in part reversed and rendered.