**PETERS v. GILLUND et ux.**

No. 11693.

Court of Civil Appeals of Texas. Galveston.

March 29, 1945.

Rehearing Denied April 19, 1945.

William Stiglich, of Galveston, for appellant.

Randolph Pierson, of Galveston, for appellees.

CODY, Justice.

This is a trespass to try title suit involving a strip of land 20 inches in width on the east side of Lot 10, Block 614, in the City of Galveston, brought by Jens F. Gillund and wife, appellees, hereafter called plaintiffs, against O. F. Peters, hereafter called defendant. Plaintiffs are the owners of the record title to said lot 10; and defendant is the record title owner of the adjoining lot 9. Defendant's answer consisted of a plea of not guilty, and the ten year's statute of limitation.

At the conclusion of the evidence the defendant moved for an instructed verdict which was refused. The case was submitted to the jury upon the single issue of whether defendant had been in peaceable, adverse and continuous possession of the strip of land, using, cultivating or enjoying same for any continuous period of ten consecutive years or more prior to the filing of the suit on December 22, 1943. Upon a negative answer being returned, defendant moved for judgment notwithstanding the verdict, which was refused. And the court rendered judgment for plaintiffs for the land in dispute, from which judgment defendant has appealed.

Lot 9 was conveyed to defendant by deed dated March 10, 1923. He testified that at the time he bought his lot it was fenced, and that the fence, though it has been repaired, has always been maintained in the same place where it is now located. He further testified that his house on his lot was completed in May, 1923, and he and his family have lived there ever since. In substance, his testimony was to the effect that he bought with reference to the fence lines, though his deed is to lot 9, and that he went into possession with reference to

the fence lines and has always claimed to own to his fence lines, and that plaintiffs have acquiesced in his possession to his fence lines for years.

In July of 1943, the storm blew down the division fence between defendant's and plaintiffs' lots. The man employed by plaintiffs to rebuild the division fence discovered that, if rebuilt where it had been, plaintiffs would not have their full quota of land, and a survey disclosed that the fence had been 20 inches inside of lot 10, and not on the division line, according to the map. This was the first time either party had any actual knowledge of the encroachment.

When the encroachment was discovered Gillund demanded of Peters that he sign an acknowledgment that plaintiffs own the land. This Peters refused to do. But during the negotiations Peters wanted Gillund to sell him the land, and they figured out that the value of the land was fifty dollars. But after considering the matter, Gillund refused to sell.

The defendant predicates his appeal on these four points:

1. That the undisputed evidence shows defendant acquired title to the strip under the 10 year statute of limitations. Vernon's Ann.Civ.St. art. 5510.

2. (This point relates to a question about the fence being located in the identical location, and has gone out of the case by plaintiffs' admissions.)

3. That where title has vested by adverse possession before any negotiation concerning a proffer of purchase for the purpose of compromising differences and clearing title, title cannot be divested by any offer to purchase.

4. That the court erred in receiving questions from the jury orally, and giving further instructions to the jury orally, such further instructions contradicting the written charge, and being a comment on the weight of the evidence to the effect that defendant could not claim any more land than prescribed by the city map. This objection is submitted as constituting error apparent upon the face of the record.

### Opinion.

■ The court properly defined adverse possession as being any actual and visible appropriation of the land under a claim of right inconsistent with, and hostile to, the claim of the real owner; and defined "claim of right" as meaning that the entry of the limitation claimant must be with the intent to claim the land as his own, to hold it for himself, etc.

■ There was no question but that the undisputed evidence showed that defendant had been in exclusive possession of the strip for some twenty years. But we have concluded that there was evidence to raise the issue of whether such possession was hostile to the owner of lot 10, in view of the offer to buy the strip.

■ An acknowledgment of title in another, "if made after the limitation title has been completed, does not have the effect of destroying the title thus completed", but it is evidence tending to show that the possession was not adverse. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, 88. It was a jury question whether defendant offered to buy the strip in question from plaintiffs, and whether such offer was an acknowledgment of plaintiffs' title and that defendant was not holding adversely; or whether defendant had held the possession adversely, and made the offer merely to buy peace. See Hatton v. Burgess, Tex. Civ.App. 167 S.W.2d 260, 262; Meaders v. Moore, 134 Tex. 127, 132 S.W.2d 256, 125 A.L.R. 817. We therefore overrule defendant's first and third points.

■ After the jury retired to consider their verdict, and had been deliberating for sometime, they came before the court in a body to ask the court a question, counsel of both parties being present. The foreman asked leave to ask an oral question, and the court asked counsel if there was any objection to such question being so asked and answered, and they both said none whatever. The question was then asked and answered. The effect of the answer was that the lots in question were, according to the city, and admission of the parties, 42 feet and 10 inches in width, each. After such answer was so made to the jury by the court, no objection was made, or error assigned.

Whether such action by the court would have been reversible error, had counsel objected thereto, and preserved his objection, is not before us. Counsel expressly authorized the court to answer such question as the jury, through their foreman, asked, and after such answer, made no objection to it. The error is not a fundamental error apparent upon the face of the record.

We overrule defendant's fourth point.

The judgment of the court should be affirmed, and it is so ordered.

Affirmed.