**NELSON et al. v. MORRIS et al.**
No. 15096.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 17, 1950.

Rehearing Denied March 17, 1950.

Stine & Stine, of Henrietta, J. V. Patterson, of Decatur, Kilgore & Kilgore, and Jno E. Kilgore, all of Dallas, Attorneys for Appellants.

McInnis, Thompson & Sullivan, of Oklahoma City, Oklahoma, H. M. Muse, of Wichita Falls, and C. T. Gettys, of Decatur, Attorneys for Appellees.

HALL, Justice.

Appellees R. L. Morris et al. sued appellants J. W. Berry et al. in the district court of Wise County, Texas, in trespass to try title to a tract of land of approximately 74 acres located in said County

and being a part of the J. W. Berry survey, lying west of the west line of the E. P. Russell survey and lying east of the J. W. McClain and W. T. McClain surveys.

Appellants plead not guilty and filed cross action against appellees in trespass to try title to the land in controversy. After all the testimony had been heard the trial court instructed a verdict in favor of appellees. Appellants' appeal submits nine points of error.

Appellants' points one, two and three are as follows:

1. "The Trial Court erred in refusing to grant Appellants' Motion for Peremptory instructions since the evidence without dispute showed record title in Appellants and further showed that Appellees have no title under any limitation Statute."

2. "The Trial Court erred in instructing a verdict for Appellees and in rendering judgment thereon for them, it being undisputed that Appellants own record title and Appellees' Motion for Instructed Verdict being based solely on their alleged claim of title under the Ten Year Statute of Limitations, the evidence being insufficient to support such claim."

3. "The Trial Court erred in peremptorily instructing a verdict for Appellees and in rendering judgment thereon for them when it is undisputed that Appellants hold record title and *Appellants'* only claim of title being under asserted adverse possession, the evidence being insufficient to show title in Appellees by adverse possession under any Limitation Statute."

The land in controversy is a part of and off the west end of the J. W. Berry survey, which lies west of the E. P. Russell survey as extended south to the north line of the G. H. & H. R. R. Co. Survey No. 5 and as extended north along the fence line to the south line of the James Tarlton Survey, and bounded on the west by the east line of the W. T. McClain Survey and the J. W. McClain Survey. Appellant, J. W. Berry, made application for and was awarded this land from the State on June 28, 1901; it was patented to him on August 20, 1942. Appellee, R. L. Morris, purchased what is known in

the record as the Perryman ranch in 1919 through his agent, said ranch, among other lands, comprises the two McClain surveys and an enclosure of the land in question, and has owned it up until the trial of the case.

During the trial of the case appellants relied upon a record title and appellees relied upon the ten year statute of limitation, Vernon's Ann.Civ.St. art. 5510, in so far as appellee R. L. Morris is concerned and the other appellees by conveyances of oil and gas leases and assignments thereunder from appellee R. L. Morris.

The undisputed evidence shows that the land in question had never been in the possession of appellant J. W. Berry or any of appellants; that the cattle and livestock of appellee R. L. Morris have grazed on the land in question along with other lands in such pasture since he acquired the same in 1919.

Appellant J. W. Berry had the Berry Survey surveyed in 1924 but did not, as stated above, receive his patent until 1942. Berry testified he moved into the neighborhood of this land in 1884 and lived there until 1948; that he knew Morris had been running cattle in there and on his land. He further testified that in 1939 he said something to Morris about owning some land in his pasture. He also testified he did not attempt to build any fence around this 74 acre tract in question until 1948. His building the fence in 1948 was followed by this law suit against him.

Appellants contend they should have received an instructed verdict because it is undisputed that the deeds comprising the Perryman ranch do not embrace the land in controversy; that the Perryman ranch lying west and north of the land in controversy was never separated from the land in controversy by a fence and that cattle grazing on the Perryman ranch could enter on the land in controversy and graze; that the land in controversy is extremely rough with breaks and deep ravines and because of its roughness it could not be traveled except on foot or horseback; that appellees nor any prior owner of the Perryman ranch did not construct the

fences that effected an enclosure of the land in controversy with the Perryman ranch. That the pasturing of livestock on land is not sufficient to give title by limitation. There was nothing to advise Berry of any adverse claim of his land because Morris and his predecessors had a perfect right to run stock in that pasture, they were not required to build a fence around that land to keep stock off of neighboring land, and cite for authority the following cases: Urschel v. Garcia, Tex.Civ.App., 164 S.W.2d 804, error refused, w.m., Mhoon v. Cain, 77 Tex. 316, 14 S.W. 24; Craver v. Ragon, Tex.Civ.App., 110 S.W. 489; Hardy v. Bumpstead, Tex.Com.App., 41 S.W.2d 226, 76 A.L.R. 1488; Churchman v. Rumsey, Tex.Civ.App., 166 S.W.2d 960, error refused, w.m.; Turner v. Moore, 81 Tex. 206, 16 S.W. 929; Humble Oil & Refining Co. v. Parish, Tex.Civ. App., 146 S.W.2d 1045, error dismissed; West Production Co. v. Kahanek, 132 Tex. 153, 121 S.W.2d 328; Primitive Baptist Church at Fellowship v. Fla-Tex Corp., Tex.Civ.App., 158 S.W.2d 549, error refused, w. m.; Vineyard v. Brundrett, 17 Tex.Civ.App. 147, 42 S.W. 232, error refused; Allison v. Groppenbacher, Tex. Civ.App., 142 S.W.2d 528, error refused.

■ We do not find it is absolutely necessary in order to establish title under the ten year statute that the fences surrounding the property in question should have been built by the person claiming limitation (2 Tex.Jur., p. 88, sec. 46), but the law is well established in this state, including Article 5515, R.C.S., to the effect that in order to establish title under the ten year statute the adverse possession must be an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another. In order that such possession will establish title, the true owner must have actual knowledge of the hostile nature of the claim or the possession must be so open, visible, notorious and hostile as to raise the presumption that the owner had notice that his rights were being invaded intentionally and with the purpose of asserting an adverse title to his land. Houston Oil Co. v. Stepney, Tex.Civ.App., 187 S.W. 1078; Burton v. Holland, Tex.Civ.App., 278 S.W. 252; Baker v. Fogle, 110 Tex. 301, 217 S.W. 141, 219 S.W. 450; Stewart v. McKee, Tex.Civ.App., 150 S.W.2d 415; Young v. City of Lubbock, Tex.Civ.App., 130 S.W.2d 418; 2 Tex.Jur., p. 88, sec. 46; McAnally v. Texas Company, 124 Tex. 196, 76 S.W.2d 997; Port City Co. v. Peck, Tex.Civ.App., 42 S.W.2d 275; Johnson v. Sullivan, Tex.Civ.App., 163 S.W. 1015; Monroe v. Lyons, Tex.Civ.App., 189 S.W.2d 90.

■ Appellants' points four, five and six pertain to the time when and if a small tank was erected on the property in question. These facts were disputed, hence became an issue for the trier of the facts to decide.

Appellants' points seven, eight and nine are directed to error of the court in not submitting the case to the jury instead of peremptorily instructing a verdict for appellees. They also complain in these points because they did not receive a peremptory instruction from the court. We overrule this last contention.

■ Where there is evidence sufficient to raise the issue of fact as to whether possession is adverse, the issue of limitation is for the trier of the facts to decide. Purdy v. Pruitt, Tex.Civ.App., 112 S.W.2d 808, error dismissed; Alma Oil Co. v. Shepperd, Tex.Civ.App., 116 S.W.2d 495, error dismissed; Chacon v. Bruni, Tex. Civ.App., 125 S.W.2d 428, error refused; Lindquist v. Sanford, Tex.Civ.App., 132 S.W.2d 279, error dismissed, correct judgment; Davis v. Dowlen, Tex.Civ.App., 136 S.W.2d 900, error dismissed, correct judgment; Allison v. Groppenbacher, Tex.Civ. App., 142 S.W.2d 528, error refused; Clayton v. Reamer, Tex.Civ.App., 153 S.W.2d 1020, writ refused, w. m.; Olivas v. Sambrano, Tex.Civ.App., 117 S.W.2d 482; Pearson v. Doherty, 143 Tex. 64, 183 S.W. 2d 453; Caver v. Liverman, 143 Tex. 359, 185 S.W.2d 417; Peveto v. Herring, Tex. Civ.App., 198 S.W.2d 921.

Appellant J. W. Berry testified in substance that in 1939 he had a conversation with appellee R. L. Morris, wherein R. L.

Morris offered to trade other lands which he owned for the land in controversy, now claimed by J. W. Berry; R. L. Morris denied such statement.

Appellees contend that limitation had run in favor of appellee Morris prior to the time of this alleged conversation and therefore such conversation, if any, would not be admissible against the title already acquired.

■■ While it is the law that an acknowledgment of title in another, if made after limitation title has been completed, does not have the effect of destroying the title thus acquired, yet the same may be considered as evidence tending to show that the possession was not adverse. It was held in the case of Peters v. Gillund, Tex.Civ.App., 186 S.W.2d 1019, writ refused, w. m., to quote from the syllabus, "Whether defendant offered to buy strip from plaintiff and whether such offer was an acknowledgment of plaintiff's title, and that defendant was not holding adversely, or whether defendant had held possession adversely and made offer merely to buy peace was for jury." See cases therein cited. 2 Tex.Jur., p. 141.

■ After a thorough study of the record in this case we have come to the conclusion that it does not warrant a finding, as contended by appellees, that as a matter of law limitation ran in favor of appellees and/or their predecessors from the year 1901 to 1919, the year in which appellee Morris purchased the land through his agent, but the testimony as to adverse possession fom 1901 to 1919 merely raised an issue of fact. The evidence offered and relied upon by appellees to prove title by adverse possession as a matter of law during this period is wanting in certainty and definiteness and does not show clearly that the possession was hostile, continuous and exclusive, because for one reason the record discloses that the land composing the Perryman ranch, wherein the land in question was located, was not owned and operated continuously as a unit from 1901 to 1919. One A. Reeder deeded to E. S. Perryman the W. T. McClain survey and the J. W. McClain survey on August 24, 1901; E. S. Perryman conveyed to John A. Richardson the W. T. McClain survey on March 31, 1911; said Perryman also conveyed to John A. Richardson the J. W. McClain survey on December 27, 1912. John A. Richardson deeded to I. H. Kempner the J. W. McClain survey in 1913 and the W. T. McClain survey to Kempner in 1911. Kempner in turn conveyed this land, along with others, to Forrest H. Stockton in 1916, containing approximately 1211 acres. Stockton in turn deeded to A. J. Burton, agent of appellee Morris, in 1919. The testimony fails to show who, if any one, claimed the exclusive and adverse possession of the land in question during the period of time the W. T. McClain and J. W. McClain surveys were owned by different people, the east line of said surveys comprising the west boundary line of the tract in controversy.

Appellants further contend the evidence is insufficient to support an issue of adverse possession because the land was so rough it was difficult to travel over it except by horseback or foot. We find in the case of Caver v. Liverman, 143 Tex. 359, 185 S.W.2d 417, 419, that the grazing of rough land is some evidence of adverse possession. As stated by the court in said case, "The land was so rough that it was difficult for cattle to travel over it, and there was but little grass on part of it. Nevertheless, Crawford testified that his cattle grazed on the land and that he cut wood off it. This, we think, constituted some evidence of adverse possession of the land for the statutory period (Citing cases)."

■ There is evidence to the effect that cattle were grazed on this land but the same is insufficient as a matter of law to establish the intent of said predecessors to graze said land and to claim said land adversely to the title owner. Such grazing of the land and riding of the fence do not alone set adverse possession in motion, as a matter of law, against the legal owner but merely raises a question of fact to be submitted to the trier of the facts, especially since none of appellee

**590**

Morris' predecessors built any of the fences adjacent to the land in controversy.

We have heretofore stated that since there is evidence of appellee Morris' having offered to purchase the land, meager though it may be, such testimony raises a question for the jury, both as to his intention of claiming adverse ownership or as to whether he was buying his peace.

For the above reasons, we reverse and remand the case for trial.