**COLBORN et ux. v. CULWELL et ux.**
No. 15085.

Court of Civil Appeals of Texas.
Fort Worth.

March 31, 1950.

Rehearing Denied April 28, 1950.

Buck & Harris and Harry N. Harris, all of Fort Worth, for appellant.

Hal McConnell, of Fort Worth, for appellee.

HALL, Justice.

This appeal involves a boundary dispute between appellants, L. D. Colborn et ux. (plaintiffs) and their neighbors, appellees H. E. Culwell et ux. (defendants).

The case was tried to a district court of Tarrant County, without a jury, which rendered judgment against appellants' plea for limitation title to a small strip of land lying between a hedge and an 'old fence, which fence, they contend, marks the boundary line between Lots 7 and 8, upon which their home is located, and Lot 6, owned and occupied as the residence of appellees.

The court further decreed in its judgment "that the boundary line between the premises of the plaintiff (appellants) and the defendant (appellees) is established as that surveyed and shown on the plat in the records of Tarrant County of Block No. 5 Boaz & Dillow Addition to the City of Fort Worth, Tarrant County, Texas. It is further ordered that the defendant (appellees) be enjoined permanently from destroying or mutilating the said hedge but that he shall have the right at all times to trim and prune the same on his side in the way and manner in which hedges are commonly pruned and trimmed."

Appellants predicate their appeal to this court upon the following point:

"The trial court erred in failing to render judgment for appellants on their various pleas of limitation for title to the strip in controversy."

In support of their point, appellants argue in substance that as a matter of law they should have recovered title to the strip of land in controversy by virtue of limitation and adverse possession.

This contention of appellants is not tenable. It is probable that the evidence would support a finding that the statutes of limitation had run in their favor, but such testimony so presented by appellants was not so conclusive that would prevent same from becoming a question of fact. It seems that appellants are laboring under an erroneous presumption that limitation had run in their favor because there had been a part of an old fence between their Lot No. 7 and appellees' Lot No. 6 for a number of years. There are several reasons why the testimony of appellants should not be construed to have established limitation as a matter of law, some of which are:

■ First, they did not plead nor establish the exact location of the property in dispute with reference to some known object, concerning the identity and locality of which there was no controversy. There is no description of the land in controversy by metes and bounds so that if they had recovered judgment it would have enabled an officer charged with the duty of executing a writ of possession to have gone upon the ground and without exercising judicial functions ascertain the location of the line. In other words, the court could not have entered such judgment that would have enabled the officer, with the assistance of a competent surveyor, to ascertain the boundary lines of the disputed area. 7 Tex. Jur., pp. 257-259.

■ Second, the evidence offered and relied upon by appellants to prove title by adverse possession as a matter of law is wanting in certainty and definiteness and does not show clearly that the possession was hostile, continuous and exclusive and that all parties prior to the time they purchased the land in 1944 claimed the land in controversy as their own. Appellees introduced in evidence testimony to the effect that the fence did not run all the way through between the properties, that at one time or another the same only carried one wire; that appellants had their lot surveyed prior to this suit which the trier of the facts could construe to mean that appellants themselves were trying to ascertain where their true boundary line was and that they were not relying upon the ownership of such land by limitation.

■ Third, the majority of appellants' pleadings and evidence relate to injunctive relief. Their prayer contains a page and one-fourth in the transcript, wherein their appears no statement relative to their acquiring title by limitation outside of the following statement: "and that plaintiff have judgment for general relief and costs of suit.".

■ Having concluded that the evidence merely presented an issue to be decided by the trier of the facts, we affirm the judgment of the trial court, because the issue of limitation is for the trier of the facts to decide. Purdy v. Pruitt, Tex.Civ.App., 112 S.W.2d 808, error dismissed; Alma Oil Co. v. Shepperd, Tex.Civ.App., 116 S. W.2d 495, error dismissed; Chacon v. Bruni, Tex.Civ.App., 125 S.W.2d 428, error refused; Lindquist v. Sanford, Tex.Civ. App., 132 S.W.2d 279, error dismissed, correct judgment; Davis v. Dowlen, Tex.Civ. App., 136 S.W.2d 900, error dismissed, correct judgment; Allison v. Groppenbacher, Tex.Civ.App., 142 S.W.2d 528, error refused; Clayton v. Reamer, Tex.Civ.App., 153 S.W.2d 1020, writ refused, w. m.; Olivas v. Sambrano, Tex.Civ.App., 117 S. W.2d 482; Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Caver v. Liverman, 143 Tex. 359, 185 S.W.2d 417; Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921.

Judgment of the trial court is affirmed.