**JACKSON v. PETERS et al.**

No. 15359.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 12, 1952.

Rehearing Denied Oct. 10, 1952.

Lattimore & Lattimore, Fort Worth, for appellant.

Ernest May, Fort Worth, for appellee Seab B. Peters.

HALL, Chief Justice.

Scab B. Peters, joined by her husband, C. C. Peters, sued several parties, including E. W. Jackson, in a district court of Tarrant County, in trespass to try title to Lots Nos. 37, 38, 39 and 40, Block No. 415, Chamberlin Arlington Heights Second Filing, an addition to the City of Fort Worth, Tarrant County, alleging, among other things, that she owned two-thirds of the lots; remainder being owned by the other defendants, except Jackson, who owned no interest in the land. She further alleged that said Jackson had clouded the title by deed from strangers.

Appellant Jackson pleaded not guilty, general denial and claimed ownership of the land in controversy by limitation having been acquired through his grantors, Richard Phillips and wife, Mary Phillips.

Trial was to the court which rendered judgment in favor of plaintiffs, appellees herein, removing cloud from the title in question cast by the limitation claim of appellant Jackson.

Appellant's five points may be classified as:

(1) Incompetent testimony and/or no testimony to defeat his limitation title.

(2 and 3) Error of the trial court in permitting introduction of impeaching testimony by witness not a party to the suit without proper predicate, and in permitting evidence of declarations by Richard Phillips, appellant's grantor, to be adduced

after said grantor had conveyed the land in controversy.

(4) Trial court erred in adjudicating title to minors without having appointed a guardian ad litem for them.

When the evidence is sufficient to raise an issue of fact as to whether possession is adverse, the issue of limitation is for the trier of the facts to decide. City of Abilene v. Reed, Tex.Civ.App., 294 S.W. 913; Purdy v. Pruitt, Tex.Civ.App., 112 S.W.2d 808, error dis.; Alma Oil Co. v. Shepperd, Tex.Civ.App., 116 S.W.2d 495, error dis.; Chacon v. Bruni, Tex.Civ.App., 125 S.W.2d 428, error ref.; Lindquist v. Sanford, Tex.Civ.App., 132 S.W.2d 279, error dis., correct judgment; Davis v. Dowlen, Tex.Civ.App., 136 S.W.2d 900, error dis., correct judgment; Allison v. Groppenbacher, Tex.Civ.App., 142 S.W.2d 528, error ref.; Clayton v. Reamer, Tex.Civ.App., 153 S.W.2d 1020, writ ref., w. m.; Olivas v. Sambrano, Tex.Civ.App., 117 S.W.2d 482; Pearson v. Doherty, 143 Tex. 64, 183 S.W. 2d 453; Caver v. Liverman, 143 Tex. 359, 185 S.W.2d 417; Peveto v. Herring, Tex. Civ.App., 198 S.W.2d 921.

We have carefully read the record and find there was sufficient evidence to support the trial court's finding against appellant. The most that could be said in behalf of the testimony adduced by appellant is that it raised an issue of fact as to whether possession was adverse to the rightful owners for the limitation period. It certainly is not sufficient, as very seldom is the case, to have justified the court in holding that limitation had been established as a matter of law.

About three months before the trial, Phillips, appellant's grantor, executed an affidavit to the effect that he never owned or claimed to own the land in question. This affidavit was introduced in evidence by appellees. Appellant's main contention is that it was error for the trial court to consider such affidavit because it was ex parte declarations and therefore incompetent. But it must be remembered that Phillips was the person upon whose limitation of title appellant was relying. Phillips was appellant's main witness.

Appellant cites many cases holding in effect that declarations of a grantor in disparagement of a title granted to another, made after he had parted with the title, are not admissible against his grantee, which is a correct statement of the law. It may also be noted that an acknowledgment of title in another, if made after limitation title has been completed, does not have the effect of destroying the title thus acquired, yet the same may be considered as evidence tending to show that the possession was not adverse. See Peters v. Gillund, Tex.Civ. App., 186 S.W.2d 1019, writ ref., w. m.; 2 Tex.Jur., p. 141.

There are two other reasons why the introduction of this testimony is not reversible error: (1) Because it is admissible for impeaching purposes. Cross v. McKinley, 81 Tex. 332, 16 S.W. 1023. One of the essential elements in establishing a limitation title is that the possession must be adverse to the extent of appropriating the land under a claim of right. One of the controlling factors in establishing an appropriation of land under a claim of right is the intention of the party. Any testimony shedding light upon the question of intent of the possessor is ordinarily admissible if it has a tendency to raise an issue of fact. See Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S.W. 902; Thompson v. Moor, Tex.Com.App., 14 S.W.2d 803. (2) There is sufficient evidence to support the trial court's finding without the court's considering this questioned testimony. See Smith v. Hughes, 23 Tex. 248; Phoenix Assurance Co. v. Freedman, Tex.Sup., 19 S.W. 1010.

We overrule appellant's propositions two and three.

In discussing appellant's point four, the failure to appoint a guardian ad litem for a minor affects the interest of the minor only. Especially is this true when there is no adverse claim alleged against said minors. Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187. Under such circumstances, appellant could have no justiciable interest in the question of whether or not the minors had a guardian to represent them. However, we note in the trial court's judgment

the following: "The minor defendants * * * were shown to have been duly and personally served with process and to have filed an answer by their guardian and attorney * * *. The guardian ad litem, J. Elwood Winters is allowed a fee of $25. to be taxed as costs against the interest of the plaintiff."

Finding no error, the judgment of the trial court is affirmed.