Robert Henry McDONALD, Jr., et al.,
Appellants,

v.

Joe BATSON et ux., Appellees.

No. 5281.

Court of Civil Appeals of Texas,
Waco.

Oct. 31, 1973.

Voorhees & Price, Herman D. Voorhees, Houston, for appellants.

J. D. Dashiell, Buffalo, Bradley & Geren, L. L. Geren, Groesbeck, Mac L. Bennett, Jr., Normangee, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Robert McDonald, et al., from judgment for plaintiffs Batson and wife, in a trespass to try title suit to 146.12 acres of land.

Plaintiffs Batson sued a number of defendants in trespass to try title, for title and possession of 345 acres in Leon County, described in tracts A, B, C, and D.

Disclaimers were filed as to all tracts by defendants McDonald, et al., except the land here in controversy.

Trial was to a jury which found:

1) Plaintiffs have held peaceable and adverse possession of the "Donelson" land, being 146.12 acres, cultivating, using or enjoying the same, and paying taxes thereon, and claiming under a deed duly registered for a period of five consecutive years before August 7, 1972.

2) Plaintiffs have held peaceable, adverse and continuous possession of the 146.12 acres, cultivating, using, or enjoying the same, openly, notoriously and adversely for a period of ten consecutive years or more prior to August 7, 1972.

The trial court rendered judgment on the verdict for plaintiffs for title and possession of the entire 146.12 acres.

Defendants appeal on 3 points contending:

1) There is no evidence or insufficient evidence to support the verdict of the jury.

2) The trial court erred in refusing to admit evidence of acknowledgment by plaintiffs of defendants' title.

■ Plaintiffs in a trespass to try title suit may rely on record title from the sovereignty of the soil, title from common source, or title by limitation; and plaintiffs' right to recover depends on the strength of their own title, and not on the weakness of defendants' title. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849.

Plaintiffs sought to prove record title from the sovereign but did not do so. Plaintiffs introduced a warranty deed to 160 acres from H. M. Donelson dated *March 3, 1950*, which was recorded *December 11, 1967*. Defendants introduced a warranty deed from W. B. Abshire and wife to their father to 80 acres they claim dated *May 25, 1925*, which was recorded *April 20, 1948*. Counsel for both parties stated in open court the 160 acres in the Donelson deed, the 80 acres in the Abshire deed, and the 146 acres here in controversy were all one and the same.

We revert to contention 1 asserting there is no evidence or insufficient evidence to support the verdict of the jury.

Plaintiffs paid taxes from 1950 through 1972 on the 146 acres. There has been a fence around the 345 acre tract of which the 146 acres is a part since 1950. Witnesses Shaw, Greer, Shultz, Batson, Williams and Mrs. Batson testified the tract was fenced from 1950; that plaintiffs had cattle running on the land; that plaintiffs claimed the land as their own from 1950 to the present time; that plaintiffs bought the 146 acres from Donelson in 1950, and had been in continuous possession claiming it since that time; that plaintiffs planted grass one year and watermelon another year on the tract; that plaintiffs leased the land to hunters; that plaintiffs reported income off the land on their income tax

reports; that there was never any adverse claim known about prior to the instant suit.

■ Issue 1 found plaintiffs claimed under a deed duly registered for 5 consecutive years before August 7, 1972. Plaintiffs' deed from Donelson was recorded December 11, 1967. Thus plaintiffs claimed under a *deed recorded* less than 5 years before August 7, 1972, and the answer of the jury is contrary to the undisputed evidence, and will not mature a limitation title under the 5 year statute. Harvey v. Cummings, 68 Tex. 599, 5 S.W. 513.

Issue 2 found plaintiffs held continuous peaceable adverse possession of the 146 acre tract, cultivating same openly and adversely for 10 consecutive years prior to August 7, 1972.

■ To constitute adverse possession under the 10 year statute (Article 5510 Vernon's Ann.Tex.Civ.St.) claimant is required to have had exclusive, peaceful, and adverse possession of the land under a claim of right for not less than 10 years. W. T. Carter & Bro. v. Holmes, 131 Tex. 365, 113 S.W.2d 1225; Brohlin v. McMinn, 161 Tex. 319, 341 S.W.2d 420; Kidd v. Presswood, Tex.Civ.App., 266 S.W.2d 191, N.R.E.

■ The evidence is ample and sufficient to support the jury's answer to Issue 2.

Defendants' 2nd contention complains of the trial court's refusal to admit asserted evidence of acknowledgment by plaintiffs of defendants' title.

Defendants tendered into evidence a general warranty deed dated October 19, 1970 conveying Minnie McDonald Bleers interest in the 80 acre tract to plaintiffs, which deed was recorded October 20, 1970. Minnie McDonald Bleers is stepmother of defendants and widow of defendants' father. Defendants tendered an executed but undelivered deed from defendants to plaintiffs conveying defendants' interest in the

80 acres; and a letter from defendant Robert McDonald to Honorable Robert Burroughs instructing him to deliver the deed to plaintiffs upon payment by them of $13,500.

Mr. Bryant a real estate man testified on Bill of Exception he bought the Bleer interest on behalf of plaintiffs for $1000; and that he tried to buy defendants' interest on behalf of plaintiffs. Defendant Robert McDonald testified on Bill of Exception he agreed with Bryant to sell defendants' interest to plaintiffs for $13,500, and had the deed prepared by Mr. Burroughs.

The trial court excluded the foregoing exhibits and testimony on ground it was evidence of a compromise of a lawsuit and inadmissible.

Plaintiff Batson testified witness Bryant was not his agent, never did any work for him, and was not authorized to act as his agent in any capacity.

We note the activities of witness Bryant occurred in 1970 and well after plaintiffs' title under 10 year limitation was established under the jury's answer to Issue 2.

■ Plaintiffs assert there is no evidence that Bryant was their agent and that Bryant's agency cannot be proved by the agent. The rule that admissions of agency by an assumed agent are not generally admissible against the principal has no application to testimony given by the assumed agent in court. He may testify to facts concerning his authority the same as to any other facts. Cook v. Hamer, 158 Tex. 164, 309 S.W.2d 54.

■■ The possessor's acknowledgment of title in another when made before completion of the bar will defeat limitation. While such acknowledgment, if made after the limitation title had been completed, as here, does not have the effect of destroying the title thus completed, it is evidence tending to show the possession was not adverse. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81.

Thus whether witness Bryant was acting as agent for plaintiffs, and if he was whether his securing the deed from Mrs. Bleer and offering to buy defendants' asserted interest, was an acknowledgment of defendants' title or made merely to buy peace was for the jury. Hatton v. Burgess, Ref. WM, Tex.Civ.App., 167 S.W.2d 260; Peters v. Gillund, Ref. WM, Tex. Civ.App., 186 S.W.2d 1019; Nelson v. Morris, N.R.E, Tex.Civ.App., 227 S.W.2d 586; Jackson v. Peters, NWH, Tex.Civ. App., 251 S.W.2d 544; Meaders v. Moore, 134 Tex. 127, 132 S.W.2d 256.

We think the trial court erred in not admitting the exhibits and evidence contained in the Bill of Exceptions, and that the jury were entitled to consider same in arriving at their answer to Issue 2. Contention 2 is sustained.

On another trial plaintiffs are entitled to resubmission of Issue 1 inquiring of a date subsequent to December 11, 1972.

Reversed and remanded.